PRACHT v. DANIELS.

ACTION—MONEY PAID TO ANOTHER'S USE.

An agent who sold property for his principal and applied the proceeds to the payment of a note given by the principal and another as surety, according to the direction of the principal and surety, may recover the amount so paid from the surety when he has been compelled to refund it to the purchaser of the property by reason of

failure of title. The liability springs solely from the fact that the money was paid to the use of the defendant, and the recovery should be limited to the amount paid, with interest.

*Appeal from the District Court of El Paso County.*

THE facts upon which the controversy in this case arises are in substance as follows :

In the fore part of August, 1886, one W. S. Case brought to Colorado Springs a number of horses. He borrowed from the People's Bank in that city $400, for which he gave his note, which J. F. Pracht signed as an accommodation maker. As further security for this note he executed and delivered to the bank a chattel mortgage upon the stock. A few days afterwards, and prior to the 11th day of August, 1886, he employed Daniels as his agent to sell the stock for an agreed commission. Before any of the stock was sold Case went away, leaving with Pracht instructions to see that the proceeds for which the stock sold were first paid to the bank in satisfaction of this note and chattel mortgage. The stock was left by Case in the possession of one T. H. Thomas, to be kept until called for. Before delivering the horses to Daniels, Thomas required an order, and Pracht gave to Daniels the following order :

"COLORADO SPRINGS, August 11, 1886.

"MR. T. H. THOMAS : Please let the bearer have any of the Case horses and oblige.          J. F. PRACHT."

In pursuance of this order Thomas delivered the horses, when called for, to Daniels. On the 11th day of August, Daniels, as such agent, sold one of said horses for $60.00, and on the 12th day of August sold a mare and colt for $65.00 to one W. B. Jenkins, and paid the proceeds of these sales into the People's Bank to be applied on this note, as he testifies, by the express direction and order of Pracht.

That afterwards, and on the 18th day of August, he sold another of said horses to Charles Edwards for $80.00, and paid $75.00 thereof to Pracht in person. That some time

afterwards, and during the year, the stock so sold by him to Jenkins and Edwards was, by third parties claiming to be the owners, taken from them. That Jenkins and Edwards respectively sued Daniels for the purchase money paid by them respectively for the stock, and recovered judgments therefor amounting in the aggregate to $367.67, which he, Daniels, paid and satisfied, and he brings this action to recover the amount so paid from Pracht. The court below rendered judgment in his favor for the full amount claimed, and from this judgment Pracht brings this appeal.

Messrs. COLBURN & DUDLEY, for appellant.

Messrs. COCHRANE & COCHRANE, Mr. E. E. WHITTED and Mr. WALTER M. HATCH, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

Concisely stated, the question presented for our determination is: Is Pracht legally liable to Daniels for so much of the money paid towards the satisfaction of the note held by the bank as he, Daniels, was compelled to refund to Jenkins and Edwards? In other words, did the transaction constitute a payment of money by Daniels for the use of Pracht under such circumstances as would imply a promise on Pracht's part to repay the same? It is forcibly and plausibly argued by counsel for appellant that since Pracht directed Daniels to pay the proceeds of the sales of the horses into the bank only as agent of Case, and in pursuance of his instructions, and the money so paid not being the money of Daniels, but was understood to be the money of Case, which was intended to be and was applied to the satisfaction of his note, no promise by Pracht to repay it can be implied. It is very evident that such a promise was not in contemplation by the parties; but, on the contrary, the circumstances rebut any intention on the part of Pracht to bind himself by such an implied agreement. If, therefore, a promise is to be implied on the

part of Pracht to repay the money, it is an implication of law that arises from the facts and circumstances independent of agreement or presumed intention.

It appears from the uncontradicted evidence that the money received from the sales of the stock in question was in part applied by Pracht's direction to the payment and discharge of the note upon which he was surety, and the balance paid to him directly, that his obligation as such surety was thereby extinguished, and the money so used was repaid to the purchasers of the stock by Daniels. Upon this state of facts it seems to us that, while the case presented may not fall clearly within the doctrine announced in any of the adjudged cases wherein a right to recover money paid for another's use has been upheld, the law did, regardless of the intention of the parties, impose the obligation upon Pracht to save Daniels harmless upon the theory that he, having received a benefit from the payment of the money is, in equity and good conscience, bound to answer to Daniels, who received no benefit from its application, but was compelled to refund the same.

The amount of the judgment rendered in the court below indicates that Pracht's liability was placed upon other and different grounds than that above stated, and he was held liable evidently on the theory that his liability to Daniels sprang from some implied warranty of title to the horses. We think it too clear for argument that his liability springs solely from the fact that the money was paid by his instruction in satisfaction of his obligation as surety, and not on account of any connection that he had with the control or sale of the horses in question; and the judgment, in so far as it includes any of the costs or expenses that appellee was compelled to pay in and about the suits instituted by Jenkins and Edwards, is erroneous and he should be held liable only for $200, the amount of money paid for his use, with interest from the date of such payment until the trial of the case.

The judgment of the court below is therefore reversed and the cause remanded, with direction to enter judgment for the

amount paid by Daniels into the bank and to Pracht from the proceeds of the sales of the horses to Jenkins and Edwards, with interest thereon to date of trial.

*Reversed and modified.*